UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AB SPECIALTY SILCONES LLC,<br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CASE NO. 25-00099 |

# COMPLAINT

Pursuant to Rule 7(a)(1) of the Rules of the U.S. Court of International Trade, Plaintiff AB SPECIALTY SILICONES LLC ("AB") hereby sues Defendant United States of America in this action, and alleges the following:

## JURISDICTION

1. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. Sec. 1581(a) as it is commenced under 19 U.S.C. Sec. 1515(a) to contest, in whole or in part, the denial of a protest filed with U.S. Customs and Border Protection, ("CBP") pursuant to 19 U.S.C. Sec. 1514(a). This action is timely filed within 180 days of the denial of the protest on April 24, 2025 for Entry No. F2370115909 that was the subject of the protest pursuant to 28 U.S.C. Sec. 2636(a)(1).

2. Plaintiff AB has standing in this action pursuant to 28 U.S.C. Sec. 2631(a) as it was the party which filed the protest, No. 3901-20-116087, denied by

1

      CBP and was the importer of record for the entry that is the subject of this action. Plaintiff filed timely filed protest No. 3901-20-116087 with CBP within 180 days of liquidation of the entry.

3. All liquidated duties for the entry that is the subject of this action have been paid by AB pursuant to 28 U.S.C. Sec. 2637(a).

4. All conditions precedent to bringing this action have been performed or have been excused. All administrative remedies have been exhausted.

## FACTS

5. AB is a U.S. manufacturer and distributor of specialty silicone chemicals based in Waukegan, Illinois. Its core brand is Andisil®, serving industries such as personal care, roof coatings, chemical manufacturing, dental and medical, mold making, and a variety of other industries.

6. The entry that is the subject of this action consisted of various silicon compounds used in the various industries alleged in paragraph 5 above. The merchandise arrived at the Port of Chicago, Illinois, No. 3901, between on or about June 15, 2019.

7. The entry was liquidated by CBP on April 24, 2020 in HTSUSA subheading 2931.90.9010. AB disputed this HTSUSA classification by CBP, claiming that the merchandise should be classified to either HTSUSA 2931.90.9051 or HTSUSA 3910.00.00. AB timely filed its protest on July 23,

2020. Further review of Protest No. 3901-20-116087 was properly accorded pursuant to 19 C.F.R. Sec. 174.24(a) because the decision against which the protest was filed was alleged to be inconsistent with certain rulings made by CBP.

8. In its April 24, 2025 protest decision, CBP stated that the protest was "denied in full as per HQ ruling H318773".

9. The differences in classification from the classification used by AB and the one decided by CBP at liquidation are material, in that merchandise classified under HTSUSA 2931.90.9010 was subject to a 25% tariff under Section 301. In addition, merchandise classified under HTSUSA 3910.00.0000 was excluded from tariffs under Section 301 at the time of entry and is subject to a tariff rate of 3%. The exclusion ended in October 2020. Merchandise classified as 2931.90.9051 is subject to tariffs of 3.7% and excluded from Section 301 tariffs.

10. In the protest, AB stated that the merchandise was an organo-silicon compound, and therefore, classified under HTSUSA 2931.90.9051 and/or HTSUSA 3910.00.0000 for being silicones in primary form. Materials classified as HTSUSA 2931.90.9051 are excluded from Section 301 tariffs.

11. In decision HQ H318773, CBP stated that at the 4-digit headings level, heading 2931, HTSUS (other organic compounds) and heading 3910 HTSUS

(silicones) were implicated. Under heading 2931 HTSUS, two possible ten-digit subheadings were presented: subheading 2931.90.9010, providing for "organo-silicon compounds" and subheading 2931.990.9051 HTSUS, "other".

12. CBP found in decision HQ H318773 that if the imported products are separate, chemically defined compounds from Chapter 29 HTSUS, they are precluded from classification as silicones under heading 3910.

13. CBP further stated in that decision that the imported products were organic compounds, and that to come under heading 2910, Note 1, they must be chemically defined. CBP found that only one compound of all those imported, Phenyl Trimethicone was not chemically defined, and therefore was classified in heading 3910. CBP stated that the other eight products were all chemically defined compounds, and therefore are classified in heading 2910, HTSUS.

14. According to CBP in decision HQ H318773, y-methacryloxy propyl trimethoxy silane, N-beta(amino ethyl)-gamma-amino propyl trimethoxysilane, y-aminopropyl triethoxy silane, vinyl trimethoxy silane, divinyltetramethyldisiloxane, vinyl tris(methylethylketoxime) silane, and vinyl triethoxy silane are classified under HTSUS 2931.90.9010.

15. AB Specialty Silicones LLC maintains that the classification of the compounds at issue in this case by CBP as HTSUS 2931.90.9010 is

4

inconsistent with various prior CBP rulings, including NY N302530, HQ 083986, NY 850884, NY G86540, and HQ H192517.

16. CBP's decision on AB Specialty Silicones LLC's protest, and its decision HQ H318773 were premised on certain errors of fact. These include, among others:

a. That the compounds in question have one Si-O-Si linkage, when they in fact have none;

b. CBP's decision HQ H318773 stated that tetravinyltetramethylcyclotetrasiloxane and octamethylcyclotetrasiloxane should be classified differently, but they should be classified with the same HTSUS number as there are no chemical differences to justify different classification treatment.

c. CBP in that decision stated that the only difference between the compounds at issue and those which was classified as 2931.90.9010 in NY N302530 is that the compounds at issue contain Nitrogen atoms. In fact, the compounds at issue are made up of Si, O, C, H, N and S atoms rendering the compounds materially different. Compounds with no Si-O-Si bonds, no matter the type of atoms, should be classified as HTSUS 2931.90.9051.

d. CBP's decision is in error in that it states that the compounds contain a CH2 group, methylene, when it is in fact a CH2CH group, vinyl.

17. Taken together, these factual errors, among others, resulted in a legal error by CBP as to the tariff classification of the subject compounds.

## COUNT ONE
## DENIAL OF TIMELY FILED PROTEST

18. Plaintiff realleges and incorporates pars. 1-17 of this Complaint as if fully set forth herein.

19. Plaintiff has standing and filed a timely protest of the liquidation of the 90 entries at issue in this case and listed on the Summons.

20. CBP's decision dated April 24, 2025 denying Plaintiff's protest misclassifies the entry at issue in this case resulting in higher duties being paid by Plaintiff. The duties payable should 3.7% for HTSUSA classification 2910.90.9051 or 3% for HTSUSA classification 3910.00.0000.

21. Plaintiff has paid all liquidated duties as a condition precedent to bringing this action.

22. Plaintiff has overcome the presumption of correctness of CBP's tariff classification pursuant to 28 U.S.C. Sec. 2639(a)(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and to direct CBP to reliquidate the subject entry to reclassify the imported items as either HTSUSA 2931.90.9051, 3.7%, or 3910.00.0000, 3%, and to refund the duties to Plaintiff with appropriate interest thereon as permitted by law and for such further relief this Court deems just and proper.

Dated: June 4, 2025

                                                Respectfully Submitted,

**BECERRA LAW, P.A.**

/s/   Robert Becerra
Robert Becerra, B.C.S.
2800 Ponce de Leon Blvd.
Suite 1400
Coral Gables, FL 33134
(305) 375-0112
Email: rbecerra@rjbecerralaw.com
Counsel to Plaintiff

**GUNSTER, YOAKLEY & STEWART, P.A.**

/s/ Peter Quinter
Peter A. Quinter, Esq.
600 Brickell Avenue
Suite 3500
Miami, Florida 33131
Ph: (305) 376-6016
Email: pquinter@gunster.com
Co-Counsel for Plaintiff